**FOSTER v. TEXAS & P. RY. CO.**

**No. 9548.**

Court of Civil Appeals of Texas. Austin.

May 1, 1946.

Rehearing Denied May 22, 1946.

Jas. S. Grisham, of Dallas, Thos. Y. Banks, of Tyler, and J. A. Lantz, of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, J. T. Suggs, Joseph W. Riley, and Donald L. Case, all of Dallas, for appellee.

BLAIR, Justice.

This litigation arose as follows:

.In February 1944 appellee, The Texas & Pacific Railway Company, filed suit in the 101st District Court of Dallas County (Cause No. 79272–E) against Dallas County, its judge, four commissioners and engineer, alleging that they were raising the grade of Gross road, a public road, building a concrete culvert across it, and by constructing a concrete wall or drop inlet at the north end of the culvert were diverting rainfall water that naturally flowed into appellee's Rady Lake south of the road, and were impounding such water on the private property of Harry K. Foster north of the road; that the drop inlet was not for public road purposes, but was solely for the purpose of impounding water and creating a lake or pond on the private property of Foster; and that when rainfall was scarce no water would flow into Rady Lake, where appellee had impounded rainfall water for a long period of years for use in its locomotives, resulting in irreparable injury to appellee; and it sought an injunction to compel the removal of the concrete drop inlet and to perpetually enjoin the construction of the wall or drop inlet. On March 8, 1944, an agreed judgment was entered, whereby the defendants were ordered to reduce the height of the wall or drop inlet to not exceeding 4½ feet, measured from the floor of the concrete culvert,

and whereby defendants were perpetually enjoined from thereafter erecting a wall or drop inlet higher than 4½ feet, measured from the floor of the culvert.

Although Harry K. Foster, appellant herein, was not a party to the aforementioned suit, he was interested in the construction of the wall or drop inlet impounding the water on his land, and he participated in the settlement agreement and agreed to the judgment entered. Subsequent to the entry of the agreed judgment, Foster raised the wall or drop inlet above the 4½ feet stipulated; and appellee filed a motion in Cause No. 79272–E to hold him in contempt for violation of the injunction. After a hearing the court held that Foster was bound by the judgment, found that by raising the height of the wall or drop inlet he was in contempt of court, and committed him to jail until he purged himself of the contempt. Foster then applied to the Supreme Court of Texas for a writ of habeas corpus, which court held that by reason of his interest and participation in and his agreement to the terms of the judgment in cause No. 79272–E, he was bound thereby; and that the 101st District Court had jurisdiction to hold him in contempt, and committed him to the custody of the sheriff until he purged himself of such acts of contempt. See Ex parte Foster, Tex. Sup., 188 S.W.2d 382. Subsequently Foster lowered the wall or drop inlet to 4½ feet, thus purging himself of the contempt charge.

Later, however, Foster constructed an earthen dam on his land above the lake created by the 4½-foot wall or drop inlet, thus creating an additional lake capable of impounding about 3-acre feet of rainfall water in addition to from 3 to 6-acre feet impounded by the concrete wall or drop inlet involved in cause No. 79272–E.

Upon discovering that Foster had constructed the earthen dam creating the additional lake on his premises, appellee instituted this suit in the 101st District Court of Dallas County (Cause No. 88896–E) against Foster, alleging that he is bound by the agreed judgment in cause No. 79272–E, and is estopped thereby to construct and maintain the earthen dam and lake, because the agreed judgment neces-

sarily determined the amount of water which appellant is entitled to impound upon his land, being the amount retained and impounded by the 4½-foot concrete wall or drop inlet authorized by the agreed judgment; and appellee sought an injunction to compel appellant to destroy his earthen dam, and to perpetually enjoin him from thereafter constructing any dam or wall on his land other than the 4½-foot wall or drop inlet involved and authorized by the agreed judgment in cause No. 79272–E.

The same trial judge who has tried each of the aforementioned proceedings tried the instant case, and held that Foster was bound by the agreed judgment, which necessarily determined that the amount of water appellant was entitled to impound on his property was the amount impounded by the 4½-foot concrete wall or drop inlet as authorized by the agreed judgment in cause No. 79272–E; and in consequence granted the injunctive relief prayed for by appellee.

We think that the judgment of the trial court should be affirmed.

The one particular matter that has precipitated all of the foregoing litigation is the effort of appellant to impound more rainfall water on his premises than appellee thought he was entitled to impound. The concrete wall was constructed for and paid for by appellant to impound water on his property for domestic uses. The amount of water intended to be impounded was measured by the height of the wall plus the space created by the excavation of about 6,000 cubic yards of dirt given by appellant to the county for road purposes. The wall had no road purposes, but was being constructed under agreement by the county solely for the purpose of impounding water on the land of appellant. The pleading in cause No. 79272–E so alleged, and further that the wall would impound rainfall water and thereby interfere with appellee's long continued use of it in its locomotives; and appellee sought the destruction of the wall and to perpetually enjoin the erection thereof. The suit was settled by an agreement in which appellant participated, whereby the wall was to be lowered to not exceeding 4½ feet in height from the floor of the culvert. The obvious and sole pur-

pose of lowering the wall was to decrease the amount of water it would impound on the land of appellant. The parties, which included appellant who agreed to and was bound by the judgment, knew that the wall could neither be lowered nor heightened without directly affecting the amount of water that would be impounded on the premises of appellant. Manifestly the height of the wall and the amount of water to be impounded were inseparable. In consequence the effect of the agreed judgment limiting the height of the wall to not exceeding 4½ feet was necessarily an agreement that appellant was entitled to retain only the amount of water which the 4½-foot wall would impound upon his land. When he attempted to raise the height of the wall he was held to be in contempt of the judgment enjoining the construction of a wall exceeding 4½ feet in height. The construction of the earthen dam on the watershed immediately above the lake created by the 4½-foot wall increased the amount of water impounded by about 3-acre feet in addition to that retained by the 4½-foot wall.

Under the pleadings in cause No. 79272–E, and in the light of the matters and facts known to and considered by the parties, and of the circumstances surrounding them at the time they made the agreement for the settlement of the suit, we think the trial court correctly held that the legal effect of the agreed judgment was to limit the amount of water to be thereafter impounded on the land of appellant to the amount retained by the concrete wall or drop inlet not exceeding 4½ feet in height; and that appellant is estopped to build another wall or dam on his premises for impounding additional rainfall water.

There is no issue of balancing of equities in the case. The fact that appellant could have, without a permit from the Board of Water Engineers, appropriated as much as 50-acre feet of rainfall water on his premises under the provisions of Art. 7500a, Vernon's Ann.Civ.St., as amended in 1941, was known to the parties at the time of and is implicit in the settlement agreement upon which the agreed judgment in cause No. 79272–E was entered. The amount of water that appellant could impound on his premises was the controlling subject matter of the settlement agreement, and was a matter as to which the parties could and did legally contract.

Appellant's remaining point seems to be that the trial judge has limited the agreed judgment in cause No. 79272–E to 3-acre feet of water that may be impounded on appellant's land by the 4½-foot wall or drop inlet. It was contemplated by the parties that the 4½-foot wall, plus the depression created by the excavation of about 6,000 yards of dirt for roadbed purposes would constitute the lake or pond, which calculations show to have a capacity of some 6.3-acre feet. The judgment in the instant case in no way limits or changes this lower lake, but merely orders or decrees that the upper lake created by the earthen dam be destroyed; and perpetually enjoins appellant from in any wise impounding rainfall water except by the lake authorized by the agreed judgment, and confined or impounded by the 4½-foot wall or drop inlet.

The judgment of the trial court is affirmed.

Affirmed.